IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| DALE THOMPSON, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 4:11-CV-12 CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| JOHN DARR, DANE COLLINS, PAUL MORRIS, MUSCOGEE COUNTY JAIL, COLUMBUS, et al. | : | |
| Defendants. | : | |

## ORDER GRANTING IFP, DENYING APPOINTMENT OF COUNSEL, AND PRELIMINARY REVIEW

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against the above named Defendants. (ECF No. 1.) Along therewith, Plaintiff filed a motion to proceed *in forma pauperis* in this action. (ECF No. 2.) Plaintiff has subsequently filed a motion for the appointment of counsel. (ECF No. 7.) For the reasons discussed below, the Court grants Plaintiff's motion to proceed *in forma pauperis*. However, Plaintiff's motion for appointment of counsel is denied, and upon preliminary review, the Court recommends dismissal of some of the Defendants.

### BACKGROUND

Plaintiff, a pre-trial detainee at the Muscogee County Jail, filed this action on February 1, 2011, claiming deliberate indifference to a serious medical need. (Compl. 4, ECF No. 1.) Specifically, Plaintiff contends that he is entitled to damages pursuant to 42 U.S.C. § 1983 for Defendant John Darr, Dane Collins, Paul Morris, Muscogee County Jail,

and Columbus Consolidated Government's failure to provide treatment for his "chronic care medical condition[s]." (Compl. 4.) Plaintiff seeks three million dollars in damages for his "pain, suffering, emotional distress, emotional shock, and mental anguish." (Compl. 4-5.)

## DISCUSSION

I.  **Motion to Proceed *In Forma Pauperis***

Pursuant to 28 U.S.C. § 1915(g), a prisoner who has filed three or more complaints that have been dismissed as frivolous, malicious, or for failure to state a claim, is barred from filing a complaint *in forma pauperis*, unless the prisoner is "under imminent danger of serious physical injury." This is referred to as the "three strikes provision" of the Prison Litigation Reform Act ("PLRA"). After reviewing the filing record of Plaintiff, it appears that Plaintiff is a repeat filer in this Court. In fact, Plaintiff has over thirty previous lawsuits filed in this district, more than three of which have been dismissed as frivolous, malicious, or for failure to state a claim.[1] Additionally, Plaintiff's motions to proceed *in forma pauperis* have been repeatedly denied pursuant to 28 U.S.C. § 1915(g). *See Thompson v. Williams*, No. 5:04-cv-9 (Order, Jan. 22, 2004, ECF No. 4); *Thompson v. Thompson*, No. 7:02-cv-108 (Order, Apr. 14, 2003, ECF No. 6); *Thompson v. Anderson*, No. 7:02-cv-35 (Order, May 14, 2002, ECF No. 5); *Thompson v. Fitz*, No. 7:02-cv-41 (Order, May 5, 2002, ECF No. 4); *Thompson v. Lewis*, No. 7:01-cv-56 (Order, Aug. 13, 2001, ECF No. 4); *Thompson v.*

---

[1] Plaintiff filed actions in this Court as "Dale Thompson," "Dale M Thompson," and "Michael D. Walker." *See, e.g., Thompson v. Williams*, No. 5:04-cv-9 (Order 1-2, Jan. 22, 2004, ECF No. 4); *Thompson v. Gearinger*, No. 5:01-cv-44-3 (Order 1-2, Apr. 1, 2001, ECF No. 8).

2

*Gearinger*, No. 5:01-cv-44-3 (Order, Apr. 1, 2001, ECF No. 8). Plaintiff's present action, therefore, is clearly barred from being prosecuted *in forma pauperis* pursuant to the three strikes provision unless the Plaintiff is in imminent danger of serious physical injury. 28 U.S.C. §1915(g)

In his Complaint, which must be construed liberally and the allegations of which must be accepted as true, Plaintiff states that he "suffers from anemia, high blood pressure, [a] heart condition, . . . hepatitis C, and [] HIV." (Compl. 4.) Plaintiff further alleges that since his arrest on January 16, 2011, Defendants have refused to give Plaintiff medical care or treatment for these serious conditions, despite Plaintiff's repeated requests for care. (Compl. 1, 4.) Finally, Plaintiff alleges that he has suffered injury from this failure to provide treatment. (Compl. 4.) "Viewed together, the afflictions of which [Plaintiff] currently complains, including his HIV and hepatitis, and the . . . danger of more serious afflictions if he is not treated constitute imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Thus, viewing Plaintiff's Complaint liberally, Plaintiff has sufficiently alleged an imminent danger of serious physical injury, and he is entitled to proceed *in forma pauperis* in this case.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on twenty (20) percent of the greater of the average monthly deposits to the prisoner's account or the average monthly balance in the prisoner's account for the six (6) month period

immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). The average of Plaintiff's monthly balance for the last six months is $33.33. Therefore, the court will assess a initial partial filing fee of 20% of Plaintiff's average monthly balance, or $6.67. The initial partial filing fee must be paid within twenty-one (21) days of receipt of this order or Plaintiff's case will be dismissed. If Plaintiff pays the initial partial filing fee in the allotted time, Plaintiff will thereafter pay 20% per month of his prison account until the $350.00 filing fee is paid in full.

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

**II.     Preliminary Review**

    A.     <u>Standard for Preliminary Review</u>

Plaintiff's Complaint is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act ("PLRA"). As codified at 28 U.S.C. § 1915A, the PLRA provides:

(a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

Similarly, the IFP statute requires dismissal of any pro se complaint if the plaintiff has been granted IFP status and the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply[]" when reviewing whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. §§ 1915A or 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). Thus, "[d]ismissal is required if the facts as pled do not state a plausible claim for relief." *Tsosie v. Garrett*, No. 09-16439, 2010 WL 4823475, at *1 (11th Cir. 2010) (citing *Ashcroft v. Iqbal*, - - U.S. - - , 129 S.Ct. 1937, 1949 (2009)).

Plaintiff claims that he brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

5

> injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to state a viable § 1983 claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978).

Plaintiff brings this action claiming deliberate indifference to his serious medical needs against John Darr, Dane Collins, Paul Morris, Muscogee County Jail, the Columbus Consolidated Government, and an unidentified "jail medical employee." (Compl. 1, 3.) Plaintiff sues the three individual defendants in their individual and official capacities. (Compl. 5.) As discussed below, some of Plaintiff's claims should be dismissed for failure to state a claim.

### A. Muscogee County Jail

As stated previously, a successful § 1983 action requires that the plaintiff show he was deprived of a federal right by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d at 1130 (11th Cir. 1992). Thus, a proper claim under § 1983 requires that the Plaintiff bring his action against a "person" or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). The "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d at 1214-15.

Georgia "recognizes three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue," such as a partnership. *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 318, 368 S.E.2d 500 (1988) (citation omitted). If a named defendant not a natural person, a corporation, or a partnership, the suit is improper. *Smith v. Comm'rs of Rds. & Revenue of Glynn Cnty.*, 198 Ga. 322, 324, 31 S.E.2d 648, 649 (1944). This type of defect is not amendable. *Id.; see also, Bd. of Rd. & Revenue Comm'rs of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956). The "Muscogee County Jail," a building, is not a natural person, artificial person, or quasi artificial person subject to suit under § 1983. As such, the "Muscogee County Jail" is not a proper defendant in this action. *See, e.g., Pilgrim v. Hally County Det. Ctr.*, No. 2:08-cv-048-RWS, 2008 WL 879435 at *1 (N.D. Ga. Mar. 28, 2008). Plaintiff's action against this Defendant should be dismissed for failure to state a claim.

B.  Columbus Consolidated Government

A governmental entity or municipality may only be deemed a "person" for purposes of § 1983 liability if the Plaintiff shows that an official policy or unofficial custom or practice of the entity causes a constitutional violation. *See Grech v. Clayton Cnty., Ga.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Thus, the Plaintiff must at least allege "either (1) an officially promulgated [entity] policy or (2) an unofficial custom or practice of the [entity] shown through the repeated acts of a final policymaker for the [entity]." *Id.; Monell,* 436 U.S. at 690-91. A review of the

7

pleadings reveals that Plaintiff has failed to allege that an official policy or practice of "Columbus Consolidated Government" violates his constitutional rights. In fact, Plaintiff fails to mention "Columbus Consolidated Government" in his statement of the claim or in any other factual allegations. (Compl. 4.) Plaintiff has therefore failed to state a claim against the Columbus Consolidated Government, and this Defendant should be dismissed.

    C.    Officials in their Official Capacities

Plaintiff has also sued Sheriff Darr, Dane Collins, and Paul Morris in their official capacities. "Official capacity claims are tantamount to a suit against the governmental entity involved[.]" *Jones v. Cannon*, 174 F.3d 1271, 1293 n.15 (1999). The claims against Dane Collins and Paul Morris in their official capacities are not specified in the Complaint, but, regardless, are redundant of the claims against Columbus, Georgia[2] or Sheriff Darr in his official capacity and should be dismissed. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991). Plaintiff has generally alleged that Sheriff Darr has failed to provide him with medical care despite repeated requests for such care. (Compl. 4.) Viewing his Complaint liberally, these allegations are sufficient to survive a preliminary review. Consequently, the claims against Sheriff Darr in his official capacity should remain pending.

---

[2] Plaintiff has misnamed Columbus, Georgia as "Columbus Consolidated Government." Since the Court recommends dismissal of "Columbus Consolidate Government" as Plaintiff has failed to allege any official policy or practice by Columbus or one of its officials in his official capacity, the Court assumes for the limited purpose of this recommendation that Plaintiff intended to correctly name Columbus, Georgia.

D.    Officials in their Individual Capacities

Plaintiff has also sued Sheriff Darr in his individual capacity, Paul Morris in his individual capacity as the medical administrator, and Dane Collins in his individual capacity as the "warden" of the Muscogee County Jail. (Compl. 4.) Plaintiff claims that these individuals are individually liable for the failure to provide him with medical care. These allegations are sufficient to survive preliminary review.

E.    Unidentified "Jail Medical Employee"

Finally, Plaintiff has listed as a Defendant in the style of his case "jail medical employee." Plaintiff does not attempt to identify this individual or describe any actions taken by this individual. "As a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). An exception to this rule may be applied when "the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage." *Id.* (internal quotation marks and citation omitted). Since Plaintiff has not specifically plead any facts against or made any description of the additional "jail medical employee," Plaintiff has failed to state a claim against this Defendant.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to proceed IFP is granted. Plaintiff's motion for the appointment of counsel is denied. The Court recommends that the claims against Defendants Muscogee County Jail, Columbus Consolidated Government, and Jail Medical Employee be dismissed. Additionally, the claims against Defendants Morris and

9

Collins in their official capacities should be dismissed. The claims against Sheriff Darr, in his individual and official capacities, Dane Collins in his individual capacity, and Paul Morris in his individual capacity should remain pending.

WHEREFORE, IT IS HEREBY RECOMMENDED that the claims and defendants be DISMISSED as discussed for failing to state a claim upon which relief may be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this the 24th day of February, 2011.

                                        S/Stephen Hyles
                                        UNITED STATES MAGISTRATE JUDGE